NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| JOSHUA STROUD,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 8:21-cv-01111<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681 *ET SEQ.*** <br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**NOW COMES** Joshua Stroud ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, Experian Information Solutions, Inc. as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et. seq.*

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) as Defendant is headquartered in this jurisdiction.

**PARTIES**

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in the New Martinsville, West Virginia.

5. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

6. Experian is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**FACTS SUPPORTING CAUSES OF ACTION**

7. At some point, Plaintiff's mother used his identity to open accounts without his authorization.

8. Upon this realization, Plaintiff filed a police report against his mother for identity theft.

9. In or around February 2021, Plaintiff noticed an account reporting on his Experian credit report that did not belong to him, namely a Sunrise Credit Services, Inc. ("Sunrise") account.

10. On February 8, 2021, Plaintiff called Sunrise to discuss the report to his credit, and Sunrise advised him it was for a Sudden Link Cable bill in the amount of $589 ("subject account").

11. Sunrise informed Plaintiff that it had a recording of Plaintiff's mother calling and attempts to set up a payment arrangement, claiming that Plaintiff was incapacitated.

12. Unfortunately, Plaintiff's mother never made any payments on the account.

13. Plaintiff advised Sunrise that he never authorized these cable services and this his mother is acting without his consent.

14. Sunrise advised that since it is a family mater, Plaintiff would need to take the matter to civil court, but he still needs to pay the subject account.

15. Plaintiff then inquired if Sunrise would delete the account from his credit report if he pays it and was advised that he needs to contact the original creditor to get an answer to this question.

16. In an attempt to show that he is not responsible for the account, Plaintiff also advised that the account originated in Texas but he lived in West Virginia.

17. Sunrise advised Plaintiff that he needed to contact the original creditor to fix this issue.

18. On February 12, 2021, Plaintiff placed a phone call to Experian and verbally disputed the subject account.

19. Additionally, on February 17, 2021, Plaintiff sent a detailed dispute letter ("the Dispute") to Experian via certified mail.

20. The Dispute stated, in pertinent part:

   a. "I have been a victim of identity theft"

   b. "I have not authorize[d] or applied for the [Sunrise Credit for Sudden Lock] account that is appearing on my credit report."

   c. "I would like you to investigate [this] account, forward a copy of my dispute and enclosures to the . . .creditor, and ask them to review and delete the errors they are currently reporting."

   d. "I ask that you information me if you choose not to forward my letters to the creditors listed in the letter. . ."

21. Enclosed with these disputes, Plaintiff included the police report against his mother, a pay stub, and his social security card.

**Post-Dispute Facts**

22. On February 26, 2021, Experian received the Dispute.

23. On April 20, 2021, Plaintiff pulled a fresh credit report from Experian.

24. Experian was reporting on the Sunrise account as follows: (1) the tradeline was updated on April 3, 2021; (2) an unpaid balance on the account of $589; and (3) the account was closed and reported as "collection or charge off."

25. Notably, Experian did not mark the account as disputed by Plaintiff.

**Plaintiff's Damages**

26. As of today, the erroneous reporting of the Sunrise account continues to paint a false and damaging image of Plaintiff.

27. As a result of Defendant's inaccurate reporting of the subject account, Plaintiff has expended time, energy, and money to fix Defendant's inaccurate reporting.

28. Defendant's reckless indifference relating to the inaccurate reporting of the subject account has frustrated Plaintiff's ability to control his credit score and his ability to benefit from the credit history he has built over the years.

29. The inaccurate reporting of the subject account had significant adverse effects on Plaintiff's credit rating and his ability to obtain credit because it created a false impression that Plaintiff is in default on the subject account, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

30. As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically: humiliation; the loss of credit opportunity; loss of time disputing the inaccurate reporting; time expended monitoring his credit files; mental anguish; emotional distress; and costs associated with obtaining his Experian credit report.

31. Due to Defendants' refusal to correct the reporting of the subject account, Plaintiff was forced to retain counsel to compel Defendants to correct the reporting of the subject account.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

32. Plaintiff restates and realleges all paragraphs as though fully set forth herein.

33. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

34. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

35. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

36. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

37. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

38. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

39. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

40. Plaintiff provided Experian with all relevant information and documentation in his dispute to support his contention that the Sunrise account was fraudulently opened.

41. Upon information and belief, Experian prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the Sunrise account with an outstanding balance and a "collection or charged off" status, when in fact Plaintiff was not liable for the Sunrise account as it was opened fraudulently.

42. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff did not open the subject account and that Plaintiff was a victim of identity theft.

43. Experian failed to conduct any meaningful investigation into Plaintiff's disputes. Instead, it continued to blindly report the false information provided to it by Sunrise.

44. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

45. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit file.

46. Had Experian taken any meaningful steps to investigate Plaintiff's valid dispute, it would have determined that Plaintiff was a victim of identity theft and that the subject account was fraudulently opened.

47. Upon information and belief, Experian took no steps to determine whether the information provided by Sunrise was accurate or reliable.

48. At very minimum, Experian could have requested that Sunrise provide proof that Plaintiff opened the subject account as Plaintiff specifically requested in his dispute. Instead, Experian continued to recklessly report false and unreliable information regarding the subject account.

49. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Sunrise. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Sunrise regarding Plaintiff's dispute that Experian received from Plaintiff.

50. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

51. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

52. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Sunrise that the information was complete and accurate, and without sending notice of re-reporting to Plaintiff.

53. Experian violated 15 U.S.C. §1681(c)(f) by failing to notate that Plaintiff disputed the reporting of the Sunrise account. Experian is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

54. Experian violated 15 U.S.C. §1681c-2(a) by failing to block the information pertaining to the subject account within 4 days of Plaintiff notifying Experian of the identity theft.

55. Experian violated 15 U.S.C. §1681c-2(b) by failing to promptly notify Sunrise that the disputed information may be a result of identity theft and that a block of the disputed information is mandated by 15 U.S.C. §1681c-2(a).

56. Experian violated 15 U.S.C. §1681c-2(c) by failing to promptly notify Plaintiff within the timeframe prescribed by 15 U.S.C. §1681i(a)(5)(B) that Experian has declined to block the disputed information.

57. Experian knew that the inaccurate reporting of the subject account as belonging to Plaintiff would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

58. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

59. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily furnished Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

60. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

61. It is Experian's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

62. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting his credit information accurately.

63. Experian acted reprehensively and carelessly by repeatedly reporting the subject account inaccurately when it knew or should have known that Sunrise was transmitting false information regarding the subject account to Experian.

64. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data.

65. As stated above, Plaintiff was significantly harmed by Experian's conduct.

**WHEREFORE**, Plaintiff respectfully pray this Honorable Court for the following relief:
  a. Finding that the practices complained of herein are unlawful and violate the FCRA;
  b. Ordering Experian to delete all of the inaccurate information pertaining to the subject accounts from Plaintiff's credit file;
  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
  d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f.  Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Respectfully Submitted,

**JOSHUA STROUD**

Dated: June 25, 2021

Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com